IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| WIMO LABS LLC, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) No. |
| vs. | ) |
| | ) |
| KESHA SEBERT, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, WIMO Labs LLC ("WIMO"), by its attorneys, Brian D. Saucier and Jennifer Rojas of Deutsch, Levy & Engel, Chartered, complain of Defendant, Kesha Sebert p/k/a "Ke$ha" ("Sebert"), as follows:

### THE PARTIES

1. Plaintiff WIMO is an Illinois limited liability company with its principal place of business in Chicago, Illinois. WIMO is a design and development firm engaged in, *inter alia*, the design, marketing and sale of wristbands used to hold iPod Nano brand personal media players, currently being sold in interstate commerce under the trademark "TikTok." WIMO is the holder of an application for registration of the mark "TikTok" for "wristbands for holding mobile and MP3 devices" and pending in the United States Patent and Trademark Office and bearing serial number 8655219526.

2. Upon information and belief, Defendant Sebert is a recording artist and performer and has transacted business in Illinois through the sale of both physical compact discs and digital downloads of music, including in this district, and is currently scheduled to perform in Chicago, Illinois on August 24, 2011, for which the presale of tickets for that performance in Chicago,

Illinois is presently on-going. Sebert has previously performed in Chicago and sold tickets to said performances in February, 2011 and August, 2010. Further, upon information and belief, Sebert has engaged in advertising for the sale of compact discs and digital music downloads and for the sale of tickets to her performances in Illinois, including within this district. Sebert has recorded and performed a song entitled "Tik Tok" (the "Song") and, upon information and belief, is the co-author of the Song and a legal and beneficial owner of a copyright interest in and to the Song.

## VENUE AND JURISDICTION

3. Jurisdiction is proper in the Court pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) & (b) (trademarks and related unfair competition claim); 28 U.S.C. § 1367 (supplemental jurisdiction of related claims) and 28 U.S.C. § 2201 (declaratory judgment).

4. This Court has personal jurisdiction over Sebert because, on information and belief, Sebert conducts business in the state of Illinois and within this district, including sales and advertising relating to compact discs and digital download of the Song and performance of the Song at concerts.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

6. An actual case or controversy has arisen between the parties and within the jurisdiction of this Court. Specifically, Sebert has threatened litigation against WIMO and, as more fully set forth below, has asserted that WIMO's use of the mark "TikTok" constitutes, *inter alia*, trademark and service mark infringement, dilution, unfair competition and a violation of her rights of publicity.

## COMMON ALLEGATIONS

7. WIMO brings this action for declaratory judgment that its use of the mark "Tik Tok" for wristbands used to hold personal media players and other electronic devices does not infringe upon any alleged mark, right of publicity or other intellectual property of, or misappropriate the identity of, Sebert.

8. On April 25, 2011, WIMO received a letter from Michelle N. Jubelirer, as counsel for Sebert ("Sebert Demand"). (A copy of the Sebert demand is attached hereto as Exhibit A).

9. The Sebert Demand accuses WIMO of "a number of violations, including without limitation, trademark and service mark infringement, unfair competition under the Lanham Act [15 U.S.C. § 1051 *et seq*] and under state law, dilution, false designation of origin, passing off, misappropriation, misrepresentation, and violation of rights of publicity." (See Exhibit A, 5th paragraph).

10. The Sebert Demand further demands that WIMO cease and desist from usage of the mark "Tik Tok", deliver all inventory of material utilizing that mark Tik-Tok and account for all profits derived from the sale of its products under said mark, among other demands. (See Exhibit A, demands 1-6).

11. While the Sebert Demand lacks specificity as to the extent of her various claims, and appears to list duplicative causes of action, Sebert accuses WIMO of violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and, possibly, dilution of her mark in violation of 15 U.S.C. §§ 1125(c) and 1127. In addition, Sebert alleges a violation of her rights of publicity under state law, albeit that she does not identify the state law under which her claim allegedly

arises. The only mark potentially owned by Sebert identified in the Sebert Demand is the title of the Song.

12. Upon information and belief, the title of the Song is not federally registered as a trademark or service mark.

## COUNT I - DECLARATORY JUDGMENT
( Non-Infringement of Mark, 15 U.S.C. § 1051 et seq.)

13. WIMO realleges paragraphs 1 through 12 and incorporate same as paragraphs 1 through 11 of Count I.

14. Sebert has claimed that WIMO's use of the mark TikTok for wristbands to hold portable electronics constitutes trademark and service mark infringement and has sent a demand that WIMO cease and desist from such usage, and has threatened to take "any and all legal action against Wimo [sic] necessary" to enforce Sebert's rights.

15. An actual, present and justiciable controversy exists between the parties concerning WIMO's use of the mark TikTok.

16. WIMO seeks declaratory judgment that its current use of the mark TikTok does not infringe upon the mark of Sebert in the title of the Song.

## COUNT II – DECLARATORY JUDGMENT
(Non-Dilution of Mark, 15 U.S.C. §§ 1125(c) & 1127)

17. WIMO realleges paragraphs 1 through 12 and incorporate same as paragraphs 1 through 11 of Count II

18. Sebert has claimed that WIMO's use of the mark TikTok for wristbands to hold portable electronics constitutes trademark and service mark dilution and has sent a demand that

WIMO cease and desist from such usage, and has threatened to take "any and all legal action against Wimo [sic] necessary" to enforce Sebert's rights.

19. An actual, present and justiciable controversy exists between the parties concerning WIMO's use of the mark TikTok.

20. WIMO seeks declaratory judgment that its current use of the mark TikTok does not dilute the mark of Sebert in the title of the Song.

### COUNT III – DECLARATORY JUDGMENT
**(No Unfair Competition, False Designation of Origin, Passing Off, Misappropriation or Misrepresentation, 15 U.S.C. § 1051 *et seq* and Applicable State Law)**

21. WIMO realleges paragraphs 1 through 12 and incorporate same as paragraphs 1 through 11 of Count III

22. Sebert has claimed that WIMO's use of the mark TikTok for wristbands to hold portable electronics constitutes "unfair competition under the Lanham Act and state law . . . false designation of origin, passing off, misappropriation [and] misrepresentation" (Ex. A) and has sent a demand that WIMO cease and desist from such usage, and has threatened to take "any and all legal action against Wimo [sic] necessary" to enforce Sebert's rights.

23. An actual, present and justiciable controversy exists between the parties concerning WIMO's use of the mark TikTok.

24. WIMO seeks declaratory judgment that its current use of the mark TikTok does not constitute unfair competition under the Lanham Act and state law, false designation of origin, passing off, misappropriation or misrepresentation of any mark of Sebert in the title of the Song or other intellectual property or proprietary right of Sebert.

## COUNT III – DECLARATORY JUDGMENT
(No Violation of Right of Publicity)

25. WIMO realleges paragraphs 1 through 12 and incorporate same as paragraphs 1 through 11 of Count III

26. Sebert has claimed that WIMO's use of the mark TikTok for wristbands to hold portable electronics constitutes a "violation of [her][ rights of publicity" (Ex. A) and has sent a demand that WIMO cease and desist from such usage, and has threatened to take "any and all legal action against Wimo [sic] necessary" to enforce Sebert's rights.

27. An actual, present and justiciable controversy exists between the parties concerning WIMO's use of the mark TikTok.

28. WIMO seeks declaratory judgment that its current use of the mark TikTok does not constitute a violation of Sebert's right of publicity or otherwise unlawfully use her name, likeness or identity.

WHEREFORE, Plaintiff, WIMO Labs, LLC, prays that his Honorable Court award the following relief:

A. Enter judgment on Counts I thorough III in favor of Plaintff, WIMO Labs LLC and against Defendant Kesha Sebert;

B. Award WIMO Labs LLC its costs in this action; and

C. Such other relief that the Court deems just and appropriate.

WIMO LABS LLC


By:     /s/ Brian D. Saucier
       One of Its Attorneys

Brian D. Saucier (saucier@dlec.com)
Jennifer Rojas (rojas@dlec.com)
Deutsch, Levy & Engel, Chartered
225 W. Washington Street, Suite 1700
Chicago, Illinois 60606
T: 312/346-1460
F: 312/346-1859